# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-66

**STATE OF LOUISIANA**

**VERSUS**

**DAMIEN TERRELL MILLER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8415-16
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Candyce G. Perret, and Jonathan W. Perry, Judges.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL**

**John Foster DeRosier**
**District Attorney – 14th Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
    **Plaintiff/Appellee – State of Louisiana**

**John E. Turner**
**Ross M. Murray**
**Assistant District Attorney – 14th Judicial District**
**901 Lakeshore Drive – Suite #800**
**Lake Charles, LA 70601**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
    **Plaintiff/Appellee – State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P. O. Box 2125**
**Lafayette, LA 70502**
**Telephone: (337) 366-8994**
**COUNSEL FOR:**
     **Defendant/Appellant – Damien Terrell Miller**

**THIBODEAUX, Chief Judge.**

Defendant, Damien Terrell Miller, was charged by bill of information with armed robbery, armed robbery with a firearm, and possession of a firearm by a convicted felon in violation of La.R.S. 14:64, La.R.S. 14:64.3, and La.R.S. 14:95.1. A jury found Mr. Miller guilty of armed robbery by a vote of eleven to one. Mr. Miller was sentenced to thirty-five years in the custody of the Louisiana Department of Corrections, to be served without the benefit of probation, parole, or suspension of sentence. Mr. Miller now appeals his conviction.

I.

**FACTS AND PROCEDURAL HISTORY**

On January 3, 2016, a juvenile victim, C.C., was robbed of $1,300 he had received from a recent insurance settlement. After playing dice with some friends, C.C. went to sit in the driver seat of his truck along with some friends. A man believed to be Mr. Miller opened the driver's door and demanded to know the location of the money. Another man opened the passenger door, and a third opened a rear door. Each of the robbers had their faces covered and were armed with what appeared to be guns. C.C. wrestled briefly with his assailant before being struck in the head by the assailant's weapon. C.C. became frightened and told the robbers the location of the money. Once the money was obtained, the three robbers ran away with two others from the scene. Over the course of the investigation, two of the robbers admitted their role in the offense and identified Mr. Miller as a participant and the assailant. They testified that Mr. Miller had supplied them with guns that they later realized were BB guns, and that Mr.

Miller's gun looked larger than a BB gun.  They each received $200 for their role in the robbery.

## II.

## LAW AND DISCUSSION

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we find that there is an error patent, which is raised and discussed in Mr. Miller's assignment of error relating to the requirement of a unanimous jury verdict.

## UNANIMOUS JURY VERDICT

In his second assignment of error, Mr. Miller contends that the guilty verdict against him was improper because it was not unanimous and is, therefore, constitutionally invalid.  A detailed analysis of this issue is unnecessary.  The Supreme Court recently held in *Ramos v. Louisiana*, 590 U.S.___, 140 S.Ct. 1390 (2020), that Louisiana's provision for non-unanimous jury verdicts was unconstitutional.  Although the concurring justices did not join in all parts of the majority opinion, the Supreme Court unambiguously determined that non-unanimous verdicts are not permissible under the Sixth Amendment to the Constitution.  The prohibition applies to the states through the Fourteenth Amendment.  *Id.* at 1396-97, 1408; *see also* concurrences by Sotomayor, Kavanaugh, and Thomas, J.J.  Furthermore, the opinion recognizes that its ruling will apply to cases pending on direct review.

As this case is still in the process of direct review, *Ramos* applies.  Mr. Miller's verdict was reached by a jury vote of eleven to one and is, therefore,

non-unanimous.  Thus, Mr. Miller's conviction must be reversed, and this case remanded for a new trial.

Mr. Miller's remaining assignment of error asserts that evidence adduced at trial was insufficient to support his conviction for armed robbery. Given that the conviction and sentence must be vacated in accordance with *Ramos*, all other issues raised by Mr. Miller on appeal are hereby rendered moot.

## III.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Miller's conviction and sentence for armed robbery are vacated, and this case is remanded for a new trial pursuant to *Ramos*.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**